OPINION OF THE COURT
Victor M. Ort, J.
*381 This is an application pursuant to CPL 440.10 to vacate a judgment of conviction upon the ground of ineffective assistance of counsel. On August 28, 2003, defendant was convicted upon his plea of guilty to the crimes of aggravated harassment in the second degree and aggravated harassment in the second degree as a hate crime.[1] On October 24, 2003, defendant was sentenced to eight weekends at the Nassau County Jail and five years’ probation on the hate crime charge and three years of concurrent probation for the aggravated harassment.[2] Prior to the entry of his guilty plea, defendant moved to dismiss the indictment upon the ground that the conduct alleged in the indictment did not constitute the crime of aggravated harassment in the second degree. The motion to dismiss was denied by the court in a decision dated June 12, 2003.
Penal Law § 240.30 (1) provides inter alia that a person is guilty of aggravated harassment in the second degree when, with intent to harass, threaten, or alarm another person, he communicates with a person, anonymously or otherwise, by any form of written communication, in a manner likely to cause annoyance or alarm. The indictment alleges in substance that defendant told a real estate agent that if a house for sale on defendant’s street were to be sold to blacks, defendant would burn it down and that defendant posted numerous flyers of a racist nature including “Niggers Beware” and “KKK.”
In moving to dismiss the indictment, defendant argued that Penal Law § 240.30 (1) requires that the threat be directed toward a specific individual, namely, the same person to whom the communication was addressed. In denying the motion to dismiss, the court held that there was no such requirement in the statute. Rather, the crime of aggravated harassment in the second degree could be committed by a threat directed toward a class of individuals. The court concluded that the threatening communication in this case was directed toward the class of *382 potential purchasers of the home who were of African-American ancestry, a group clearly protected by the terms of the statute. In this application, defendant’s claim of ineffective assistance is to the effect that defense counsel failed to raise the claim that the hate crime statute, as applied, violated defendant’s right to free speech under the First Amendment to the Constitution of the United States. That is, the fliers should be considered “protected speech” under that amendment.
To prevail on a claim of ineffective assistance, defendant must demonstrate the absence of strategic or other legitimate explanations for counsel’s failure to pursue a colorable constitutional claim. (People v Garcia, 75 NY2d 973 [1990].) The court concludes that defendant’s ineffective assistance claim must fail because he has not established that his First Amendment claim has colorable merit.
In Wisconsin v Mitchell (508 US 476 [1993]), the United States Supreme Court held that a criminal statute may, without violating the First Amendment, impose an enhanced penalty when defendant intentionally selects the victim because of his race. The Court made clear that abstract beliefs, however obnoxious, could not be taken into consideration on the issue of sentence. However, the Court noted that defendant’s motive for committing the offense is traditionally considered an important sentencing factor, and in particular it was permissible to consider racial animus in imposing sentence. (508 US at 485-486.) The Wisconsin statute upheld in Mitchell was equivalent to Penal Law § 485.05 (1) (a), “intentionally selects the person against whom the offense is committed ... in whole or in substantial part because of a belief or perception regarding the race . . . of a person, regardless of whether the belief or perception is correct.” (See also, People v Amadeo, 2001 NY Slip Op 40190[U] [Sup Ct, Queens County, Rotker, J.].)
In People v Rokicki (307 111 App 3d 645, 718 NE2d 333 [2d Dist 1999]), the Appellate Court of Illinois upheld the Illinois hate crime statute against a challenge under the First Amendment. In that case, the defendant was convicted of disorderly conduct for subjecting a server in a pizza parlor to extreme verbal abuse because of his perception as to the victim’s sexual orientation. The Illinois hate crime statute provided that a person “commits a hate crime when, by reason of the actual or perceived race, color, creed . . . [or] sexual orientation ... of another individual or group of individuals, he commits [any one of a series of enumerated crimes including] disorderly conduct.” *383 (307 III App 3d at 649, 718 NE2d at 336 [internal quotation marks omitted].) Thus, the Illinois statute was substantively equivalent to Penal Law § 485.05 (1) (b).[3] The Illinois court held that the hate crime statute does not infringe on a defendant’s right of free speech because the statute does not punish an offender for merely thinking hateful thoughts or expressing bigoted beliefs but only punishes an offender who allows those beliefs to motivate his criminal conduct. (307 III App 3d at 651, 718 NE2d at 338.)
Similarly in the case at bar, Mr. McDowd did not limit himself to expressing his prejudice, as for example predicting the effect on real estate values in the area were blacks to move into his neighborhood. Rather, he engaged in the crime of aggravated harassment in the second degree by posting racist fliers thereby reinforcing his oral threat to burn the house down if it were sold to blacks. The cases upon which defendant relies are inapposite because they do not involve any type of threatening communication. Vives v New York (305 F Supp 2d 289 [SD NY 2003]) involved written communications intended to alarm Jews concerning current world events that had been prophesied in the Bible. People v Bethea (2004 NY Slip Op 50007[U] [2004]) involved a written communication intended to hold a “deadbeat dad” up to ridicule and contempt. Consequently, the court concludes that defendant’s conduct was not protected by the First Amendment. Since defendant has not established that counsel failed to raise a colorable First Amendment claim, his motion to vacate his conviction based upon ineffective assistance is in all respects denied.

. Pursuant to Penal Law § 485.05 (1) (b), a person commits a “hate crime” when he commits a “specified offense” and intentionally commits the acts constituting the offense in whole or substantial part because of a belief or perception regarding the race of a person, regardless of whether the belief or perception is correct. Aggravated harassment in the second degree is one of the specified offenses enumerated by the statute.

. Pursuant to Penal Law § 485.10 (2), when a person is convicted of a hate crime based upon a specified offense which is a misdemeanor or a class C, D, or E felony, the hate crime is deemed to be one category higher than the specified offense which he committed. Since aggravated harassment in the second degree is a class A misdemeanor, the corresponding hate crime is a class E felony.

. Indeed, the Illinois Supreme Court has recognized “the legislature . . . intended that improper bias which motivates certain criminal acts be the component which elevates the conduct to the level of a hate crime, rather than merely the status of a particular victim. There is no indication that the legislature intended only to redress the narrower wrong caused by biased selection of victims.” (In re B.C., 176 III 2d 536, 551, 680 NE2d 1355, 1363 [1997]; see also Penal Law § 485.00.)